United States District Court
Southern District of Texas
**ENTERED**
October 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Sheryl Mikush, | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-00261 |
| Martin O'Malley, Commissioner of the Social Security Administration, | § | |
| *Defendant.* | § | |

## ORDER ON ATTORNEYS' FEES

Plaintiff Sheryl Mikush filed a motion requesting an award of attorneys' fees incurred for prosecuting her successful appeal of the Social Security Administration's adverse ruling under 42 U.S.C. § 405(g). As addressed below, Plaintiff's motion is granted.

## Analysis

### I. Mikush is entitled to recover attorneys' fees.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that she is the prevailing party; (2) that she timely filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee

award unjust. *See Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing, *inter alia*, 28 U.S.C. § 2412(d)(1)(A)-(B)).

Mikush is the prevailing party. This is because the Court granted the Commissioner of Social Security's request to reverse and remand this case for further administrative proceedings. *See* Dkt. 12 (motion); Dkt. 13 (order); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand pursuant to 42 U.S.C. § 405(g) confers a plaintiff with prevailing party status).

Mikush also timely filed her motion for attorneys' fees within thirty days of when the judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from final judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 14 (July 10, 2024 final judgment); Dkt. 15 (September 4, 2024 motion). Nothing indicates that the Commissioner's position was substantially justified or that any special circumstances would make a fee award unjust. To the contrary, the Commissioner agreed that remand is warranted under the fourth sentence of 42 U.S.C. § 405(g). *See* Dkt. 12. An award of fees under the EAJA is therefore proper.

Next, the Court examines the number of hours worked and the applicable hourly rate. Mikush seeks recovery for 2.5 attorney hours worked in 2023, at a requested hourly rate of $240, and 19 hours worked in 2024, with

2

a requested hourly rate of $243.75.  *See* Dkt. 15 at 8; Dkt. 15-2 at 5.  In addition, Mikush seeks 3 paralegal hours in 2023, at an hourly rate of $120.00.  *See* Dkt. 15 at 8.  The total of 24.5 hours falls solidly within the typical range for Social Security appeals.  *See, e.g.*, *Thomas H. v. Kijakazi*, 2023 WL 5191950, at *2 (S.D. Tex. Aug. 10, 2023) (typical range is twenty to forty hours).  In addition, the Court concludes that the paralegal time is reimbursable as legal, rather than clerical, work.  *See id.* ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical.") (quoting *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001)).

Counsel's requested hourly rates of $240 and $243.75 exceed the EAJA rate of $125, which was last amended in 1996.  They also marginally exceed the rates after accounting for cost-of-living adjustments in this area.[1]  *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *2-3 (S.D. Tex. Feb. 9, 2022) (applying local Consumer Price Index ("CPI") to determine appropriate hourly rate, although counsel was based in New York); *see also Kelsey v. O'Malley*, 2024 WL 1016372, at *2 (S.D. Tex. Feb. 14, 2024) (calculating CPI-

---

[1] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is available on the U.S. Bureau of Labor Statistics' website.  *See Databases, Tables & Calculators by Subject*, U.S. Bureau of Lab. Stat., https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Sept. 27, 2024).  Although the annual CPI for 2024 has yet to be published, the CPI for the first half of this year is 91.59% higher than the base rate of 142.7 as of 1996 (*i.e.*, (273.400-142.7)/142.7), which results in an adjusted hourly rate of $239.49 (*i.e.*, 1.9159 x $125).  *See id.*

adjusted hourly rate as $234.41 for 2023), *adopted by* 2024 WL 1023036 (S.D. Tex. Mar. 8, 2024).

Applying the local CPI-adjusted rates ($234.41 for 2023 and $239.49 for 2024) to the number of attorney-hours worked (2.5 hours in 2023, and 19 hours in 2024) results in a total of $5,136.34. To that sum would be added another $360.00 for 3 hours of paralegal work at the facially reasonable rate of $120.00 per hour, for a grand total of $5,496.34. Mikush's requested figure of $5,541.00, which she agreed to reduce from $5,591.25, *see* Dkt. 15 at 8, is only slightly higher. The Court finds $5,541.00 to be a reasonable fee award in this case.

## II.   Payment must be made to Mikush.

As a final request, Mikush asks the Court to direct payment of the fee award to her counsel because she assigned to counsel her rights to the award. *See* Dkt. 15 at 17-18. An EAJA fee award is payable to the litigant, rather than his counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597-98 (2010). Those "fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government." *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013) (citing *Astrue*, 560 U.S. at 590). Following *Astrue* and *Jackson*, courts within this Circuit have declined similar requests to have EAJA awards made payable to a litigant's counsel—even when the litigant has similarly assigned the award to an attorney. *See, e.g.*, *Thomas H.*, 2023 WL 5191950, at *4 n.9 (denying direct payment to counsel, despite plaintiff's signed waiver); *see also,*

*e.g.*, *Cardona v. Comm'r of Soc. Sec.*, 2023 WL 2577200, at *2 (W.D. Tex. Mar. 17, 2023) (collecting authorities), *adopted by* 2023 WL 2903980 (W.D. Tex. Apr. 11, 2023). Mikush's reference to two stray district court decisions from California does not warrant deviating from that approach. *See* Dkt. 15 at 18.

Accordingly, the EAJA fees must be paid to Mikush. "It will thereafter fall on [Mikush] to satisfy whatever obligations that [she] may have with respect to paying [her] counsel for litigating this action." *See Arizmendez v. Colvin*, 2014 WL 2154052, at *1 (N.D. Tex. May 22, 2014); *see also Jackson*, 705 F.3d at 531 ("EAJA fees are paid to the claimant, who may or may not tender the award to counsel.").

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Sheryl Mikush be awarded $5,541.00 in attorneys' fees under the Equal Access to Justice Act. It is further **ORDERED** that the award must be payable to Mikush, but Defendant may send the payment to Mikush's counsel.

Signed on October 4, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge